**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN HALL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI MENDOTA,<br><br>　　　　Respondent. | Case No.: 1:22-cv-01107-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

　　Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California.  He filed the instant federal petition on August 31, 2022, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241.  Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED.

**BACKGROUND**

　　On April 19, 2017, Petitioner entered a plea bargain and pled guilty to one count of conspiracy to interfere with commerce by robbery (18 U.S.C. § 1951), three counts of interference with commerce by robbery (18 U.S.C. §§ 1951, 1952), and one count of brandishing a firearm during and in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(2)).  See United States v. Hall,

1

Case No. 2:14-cr-00321-GMN-NJK (D. Nev. 2014) (Doc. 271).[1]  On September 6, 2017, the Nevada District Court sentenced Petitioner to a total of 154 months in federal prison.  Id. (Doc. 301, 305.)

On September 12, 2017, Petitioner appealed to the Ninth Circuit Court of Appeals. Id. (Doc. 311.)  On October 28, 2020, the Ninth Circuit dismissed the appeal insofar as Petitioner had waived his right to appeal.  Id. (Doc. 385.)

On June 21, 2022, the Supreme Court issued its opinion in United States v. Taylor, 142 S.Ct. 2015, 2022 WL 2203334 (2022), holding that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of crime of violence, as predicate for felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence. Id. at 2025.

Petitioner now brings this habeas petition challenging his conviction and sentence pursuant to Taylor.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

(9th Cir.2000) (per curiam).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241 when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

Here, Petitioner fails to satisfy the savings clause because he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claim.  Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the District of Nevada, rather than an error in the administration of his sentence.  As discussed above, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Nevada, not a habeas petition pursuant to § 2241 in this Court.  However, Petitioner has not yet done so, and therefore, the procedural opportunity still exists.  Petitioner makes no showing that this remedy is inadequate or ineffective.  Pursuant to § 2255(e), the petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 2, 2022**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

4