1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11    KEVIN HALL,                              Case No.  1:22-cv-1107 JLT SKO (HC)

12                    Petitioner,              ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS
13           v.                                (Doc. 3)

14                                             ORDER DISMISSING PETITION FOR WRIT
                                               OF HABEAS CORPUS, DIRECTING CLERK
15    WARDEN, FCI MENDOTA,                     OF COURT TO ENTER JUDGMENT AND
                                               CLOSE CASE, AND DECLINING TO ISSUE
16                    Respondent.              CERTIFICATE OF APPEALABILITY

17

18           The assigned magistrate judge observed that, "Petitioner is challenging the validity and

19    constitutionality of his conviction and sentence as imposed by the United States District Court for

20    the District of Nevada, rather than an error in the administration of his sentence." (Doc. 3 at 3.)

21    Thus, the magistrate judge determined "the appropriate procedure would be to file a motion

22    pursuant to § 2255 in the District of Nevada, not a habeas petition pursuant to § 2241 in this

23    Court" (*Id.*)  Because Petitioner did not do so and made no showing the remedy was inadequate

24    or ineffective, the magistrate judge recommended the petition "be dismissed for lack of

25    jurisdiction." (*Id.* at 4.)  Those Findings and Recommendations contained notice that any

26    objections thereto were to be filed within 21 days after service.  (*Id.*)  To date, no objections have

27    been filed, and the deadline to do so has expired.

28           Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo*

                                                    1

review of the case.  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  A certificate of appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition.  *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)     There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a petition is denied, the Court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.

1  880, 893 (1983)).

2      In the present case, the Court finds Petitioner has not made the required substantial

3  showing of the denial of a constitutional right to justify the issuance of a certificate of

4  appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not

5  entitled to the requested federal habeas corpus relief debatable, wrong, or deserving of

6  encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

7  Accordingly, the Court **ORDERS**:

8      1.    The Findings and Recommendations issued on September 2, 2022 (Doc. 3), are

9            **ADOPTED** in full.

10     2.    The petition for writ of habeas corpus is **DISMISSED** without prejudice.

11     3.    The Clerk of Court is directed to enter judgment and close the case.

12     4.    The Court declines to issue a certificate of appealability.

13
14  IT IS SO ORDERED.

15     Dated:   **October 7, 2022**

16                                        UNITED STATES DISTRICT JUDGE

17
18
19
20
21
22
23
24
25
26
27
28

3